AB:MWG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF AN UNKNOWN LOCATION WITHIN THE EASTERN DISTRICT OF NEW YORK, PARTICULARLY DESCRIBED AS PREMISES TO WHICH THE PARCEL WITH UNITED STATES POSTAL SERVICE TRACKING NUMBER 9274892700536101000l537675 ADDRESSED TO EDISON HERNANDEZ, 620 WILSON AVE PMB69, BROOKLYN, NEW YORK 11207 WILL BE OPENED, AND ANY AND ALL LOCKED AND CLOSED CONTAINERS FOUND THEREIN | **TO BE FILED UNDER SEAL**<br><br>AFFIDAVIT IN SUPPORT OF APPLICATION FOR A PREMISES SEARCH WARRANT<br><br>Docket No. 20-MJ-587 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

MICHAEL SLAVKOVSKY, being duly sworn, deposes and states that he is a Postal Inspector with the United States Postal Inspection Service, duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that a parcel containing a firearm silencer will be delivered to Edison Hernandez, 620 Wilson Avenue PMB69, Brooklyn, New York 11207, and then subsequently opened at an unknown location (the "TARGET PREMISES"), particularly described in Attachment A. There is further probable cause to believe that the TARGET PREMISES will contain evidence, fruits, and instrumentalities of firearms possession offenses, including Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm) and Title 26, United States Code, Section 5861(d) (unregistered receipt and possession of a firearm) (the "SUBJECT OFFENSES"). The evidence to be seized from the TARGET PREMISES is described in Attachment B.

The source of my information and the grounds for my belief are as follows:[1]

**A.     Introduction**

1. I am a Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been for over seven years. I am currently assigned to the Dark Web / Cryptocurrency Task Force with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"). Through my training and experience, I am familiar with the National Firearms Act and investigations involving the transportation and possession of firearms, illicit electronic commerce, and the use of the mails to transport contraband. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. I make this affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the TARGET PREMISES, described with more particularity below, for, and to seize, the items and information described in Attachment B.

3. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training and experience investigating criminal offenses. The information provided below is for the limited purpose of establishing probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Where the contents of documents

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances of which I am aware.

and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**B.     Background on Firearm Silencers and Mufflers**

4.     Federal law defines the terms "firearm silencer" and "firearm muffler" to "mean any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."  18 U.S.C. § 921(a)(24).

5.     A firearm silencer or muffler is a "firearm" for purposes of Title 18, United States Code, Chapter 44.  See 18 U.S.C. § 921(a)(3).   Therefore, it is unlawful for any person previously convicted of a felony offense to possess a firearm silencer or muffler. 18 U.S.C. § 922(g)(1).

6.     Likewise, a firearm silencer is a "firearm" for purposes of Title 26, United States Code, Chapter 53.  See 26 U.S.C. § 5845(a).   Therefore, it is unlawful for any person to receive or possess a firearm silencer not registered to him with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in the National Firearms Registration and Transfer Record.   26 U.S.C. § 5861(d).

**C.     Probable Cause**

7.     Through my training and experience, I know that China has become a major source of illicit firearm silencers.   These firearm silencers are typically sent by international mail from China to addresses in the United States, and they are falsely labeled as a muffler, solvent trap, oil trap, or fuel filter.

3

8. On or about July 18, 2020, an international mail parcel with tracking number MAWB: 695-20741383 HAWB:8171816592 (the "SUBJECT PARCEL") arrived at Los Angeles International Airport from China. The SUBJECT PARCEL was described on the manifest as "Filter." The SUBJECT PARCEL was part of a bulk cargo shipment, which contained numerous other parcels, each of which are handled as domestic mail by the United States Postal Service ("USPS") once in the United States.

9. The SUBJECT PARCEL's domestic mail label has USPS tracking number 92748927005361010001537675 and is addressed to "Edison Hernandez, 620 Wilson Ave PMB69, Brooklyn, New York 11207," with return address "Gely Yang, 5422 W Rosencrans Ave Hawthorne, Hawthorne, CA 90250." The SUBJECT PARCEL states on the shipping label that it contains a "Car filter."

10. Photographs of the SUBJECT PARCEL are below:







11.     Pursuant to the border search authority, a United States Customs and Border Protection ("CBP") agent examined the SUBJECT PARCEL and determined that it contained an interior black box, which in turn contained a firearm silencer.

12.     Photographs of the contents of the SUBJECT PARCEL are below:

5







13.     An examiner with the ATF has examined photographs of the contents of the SUBJECT PARCEL and determined that the item is, in fact, a firearm silencer of the type commonly shipped from China under the guise of a muffler, solvent trap, oil trap, or fuel filter.  The ATF examiner concluded that this item is not a "Car filter," as stated on the SUBJECT PARCEL's label.

14.     Accordingly, I have probable cause to believe that the SUBJECT PARCEL contains a firearm silencer.

15.     The SUBJECT PARCEL's shipping address is the address of a certain private shipping and mailbox center (the "Wilson Avenue Mail Center") that, among other things, sells the use of private mailboxes to customers.  Specifically, the SUBJECT PARCEL's shipping address is "620 Wilson Ave PMB69," which I understand to mean private mailbox number 69 within the Wilson Avenue Mail Center.

16. According to USPS records, private mailbox number 69 at the Wilson Avenue Mail Center is registered to Edison Hernandez and his brother, Irvin Hernandez.

17. According to law enforcement records, Edison Hernandez resides at 229 Cooper Street in Brooklyn, New York, and Irvin Hernandez resides at 227A Cooper Street in Brooklyn, New York. Both addresses are within approximately 500 feet of the Wilson Avenue Mail Center. Edison Hernandez and Irvin Hernandez also own property at 1213 Myrtle Avenue in Brooklyn, New York, which is approximately 1.5 miles from the Wilson Avenue Mail Center.

18. I have reviewed the criminal history for the Edison Hernandez to whom the SUBJECT PARCEL is addressed and have determined that, on or about July 14, 1999, he was convicted of forgery in the second degree, a felony in violation of New York Penal Law § 170.10(1). Accordingly, Edison Hernandez is prohibited from possessing a firearm pursuant to Title 18, United States Code, Section 922(g)(1).

19. Moreover, according to the ATF's National Firearms Registration and Transfer Record, neither Edison Hernandez nor Irvin Hernandez is not registered to receive or possess a firearm silencer. Accordingly, Edison Hernandez and Irvin Hernandez are prohibited from receiving or possessing a firearm silencer pursuant to Title 26, United States Code, Section 5861(d). Indeed, the firearm silencer in the SUBJECT PARCEL—which has no serial number—is not registered with the ATF at all. Accordingly, anyone who receives or possesses such firearm silencer would violate 26 U.S.C. § 5861(d).

20. Within the time period authorized by the Court, law enforcement agents plan to make a controlled delivery of the SUBJECT PARCEL to private mailbox number 69 at 620 Wilson Avenue in Brooklyn, New York.

21. Following the controlled delivery of the SUBJECT PARCEL to 620 Wilson Avenue PMB69, Brooklyn, New York 11207, agents plan to monitor the SUBJECT PARCEL's location and to monitor whether the SUBJECT PARCEL has been opened. Agents plan to follow the SUBJECT PARCEL if it is transmitted to other premises and to perform a search of such premises only once the SUBJECT PARCEL is opened.

22. To allow law enforcement agents to perform any search only once the SUBJECT PARCEL is opened, law enforcement agents plan to place a trip device inside the SUBJECT PARCEL. The trip device would notify agents when the SUBJECT PARCEL is opened.

23. Because there is a risk that the person who opens the SUBJECT PARCEL will discover the trip device upon opening it and may thereafter attempt to flee, destroy evidence or resist execution of the search warrant, I believe that there is good cause to perform any such search promptly after the SUBJECT PARCEL is opened, at any time in the day or night.

24. Because there is a risk that the trip device will malfunction and will not alert law enforcement that the SUBJECT PARCEL has been opened, I request that agents be permitted to enter the TARGET PREMISES as if the SUBJECT PARCEL were opened one hour after the SUBJECT PARCEL is first observed going inside the TARGET PREMISES.

25. In light of the above circumstances, there may be practical difficulties in obtaining access to a magistrate judge in a timely fashion to seek authorization for a search warrant of the premises where the SUBJECT PARCEL will ultimately be opened. Therefore, I request that a search warrant be issued for any unknown location within the Eastern District of New York, particularly described as premises to which the SUBJECT

PARCEL is subsequently delivered and then opened.  Execution of the requested warrant would be contingent upon fulfillment of the following procedure:

    a.    Within the time period authorized by the Court, a law enforcement agent will deliver the SUBJECT PARCEL to 620 Wilson Avenue PMB69, Brooklyn, New York 11207;

    b.    Once the delivery of the SUBJECT PARCEL has been accepted, agents will surveil the Wilson Avenue Mail Center monitor until they observe someone pick up the SUBJECT PARCEL from the Wilson Avenue Mail Center;

    c.    Agents will track the SUBJECT PARCEL's location and will monitor whether the SUBJECT PARCEL has been opened using a trip device;

    d.    Once law enforcement agents determine that the SUBJECT PARCEL has been opened, or if one hour elapses after the SUBJECT PARCEL first enters the TARGET PREMISES, whichever is sooner, law enforcement agents or officers will promptly execute the search warrant of the TARGET PREMISES; and

    e.    The search of the TARGET PREMISES will include only the particular premises where the SUBJECT PARCEL is currently located (and where applicable, only the particular apartment or unit where the SUBJECT PARCEL is currently located) and not any other premises.

26. Based on my training and experience, I know that the items of the type described in Attachment A, including but not limited to firearms, are frequently found at the premises where a parcel containing a firearm silencer is opened.  Such items include receipts and other records relating to firearms transactions, which are commonly stored on electronic devices.[2]

---

[2] This application seeks authorization to only seize electronic devices found inside the TARGET PREMISES; it does not seek authorization to search any such devices.  In the event such devices are seized, such devices will not be searched without lawful authorization or consent.

27. Based on my training and experience, I know that individuals involved in the illegal possession of firearms and firearms silencers often use locked and closed containers to store and conceal those firearms and silencers.

28. Accordingly, I respectfully submit that there is probable cause to believe that upon delivery of the SUBJECT PARCEL, the items specified in Attachment B are likely to be found at the TARGET PREMISES.

D. **Conclusion**

29. Based on the foregoing, I respectfully request the court to issue a warrant for the TARGET PREMISES to seize the items specified in Attachment B to this affidavit and to the warrant.

E. **Sealing**

30. In light of the confidential nature of this ongoing investigation, I respectfully request that this application and the search warrant be placed under seal until further order of this Court, in order to protect the integrity of the investigation described above, to ensure that no target of this investigation flee or destroy evidence, and to ensure the safety of the agents and others.

_____
Michael Slavkovsky
Postal Inspector
United States Postal Inspection Service

Sworn to and subscribed to me by telephone
this ___ day of July, 2020

_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

11

## ATTACHMENT A

DESCRIPTION OF THE LOCATION TO BE SEARCHED

An unknown location within the Eastern District of New York, particularly described as premises to which the parcel with United States Postal Service tracking number 92748927005361010001537675 addressed to EDISON HERNANDEZ, 620 WILSON AVE PMB69, BROOKLYN, NEW YORK 11207 will be opened; and, any and all locked and closed containers found therein.

## **ATTACHMENT B**

DESCRIPTION OF THE ITEMS TO BE SEIZED

Items to be searched for, located and seized from the TARGET PREMISES are those constituting evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of a firearm) and Title 26, United States Code, Section 5861(d) (unregistered receipt and possession of a firearm) (the "SUBJECT OFFENSES"), including but not limited to the following:

1. evidence of firearms possession, including firearms, ammunition, firearms silencers, firearms mufflers, firearms receipts and other records relating to firearms transactions;

2. records of rentals, ownership, or control of the TARGET PREMISES;

3. books and records including the names, addresses and telephone numbers of firearms purchasers and suppliers, which books and records would reveal the identities of co-conspirators in firearms trafficking;

4. books and records reflecting the delivery of shipments of firearms, as well as sale of, or payment for firearms, including but not limited to receipts, invoices or wire transfer service records; and

5. electronic devices, including cellular telephones, tablets, and computers.